Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| NICOLLE SPENCE, GARY L. UHLIAR, DR. PEDRO L. CORREA AMIL, DR. RUBÉN LUGO ZAMBRANA<br><br>Recurrente<br><br>v.<br><br>ASOCIACIÓN DE CONDÍMINOS Y JUNTA DE DIRECTORES DEL COND. CONDADO LAGOON VILLAS<br><br>Recurrida | KLRA202400593 | *Revisión* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: C-SAN-2023-0014426<br><br>Sobre: Ley de Condominios |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece la Asociación de Condómines y la Junta de Directores del Condominio Condado Lagoon Villas (en adelante, parte recurrente) mediante un *recurso de Revisión,* para solicitarnos la revisión de la *Resolución en Reconsideración* emitida, el 20 de septiembre de 2024, por el Departamento de Asuntos del Consumidor (en adelante, DACo).[1] Mediante la aludida *Resolución en Reconsideración,* el DACo reconsideró un dictamen, notificado mediante *Resolución Sumaria* del 21 de agosto de 2024,[2] en el cual desestimó con perjuicio, la *Querella,*[3] instada por la parte recurrida del título. Al reconsiderar, dejó sin efecto antedicha *Resolución Sumaria* y dispuso, mediante *Resolución en Reconsideración,* la reapertura de la *Querella* y la continuación de los procedimientos.

---

[1] Apéndice del recurso, a las págs. 19-21.
[2] *Íd.,* a las págs. 13-18.
[3] *Íd.,* a las págs. 3-10.

Por los fundamentos que expondremos, se *desestima* el recurso ante nos, por falta de jurisdicción.

I

El presente caso tuvo su inicio cuando Nicolle Spence y Gary L. Uhliar, el Dr. Pedro L. Correa Amil y el Dr. Rubén Lugo Zambrana (en adelante y en conjunto, parte recurrida) presentaron una *Querella* ante el DACo contra la parte recurrente del título.[4] La referida *Querella* fue notificada a la parte recurrente el 22 de mayo de 2023.[5]

De lo que surge de los autos, el 16 de agosto de 2024, el DACo emitió una *Resolución Sumaria,* notificada el 21 de agosto de 2024.[6] En la *Resolución Sumaria,* el DACo incluyó determinaciones de hechos y conclusiones de derecho. Según se desprende, mediante la misma, el DACo desestimó con perjuicio la *Querella* instada por la parte recurrida. Ello, al concluir que no contaba con jurisdicción para atenderla.

Luego, *motu proprio,* mediante *Resolución en Reconsideración,* emitida el 20 de septiembre de 2024,[7] el DACo dejó sin efecto la antedicha *Resolución Sumaria* y ordenó la reapertura de la *Querella,* así como que ordenó la continuación de los procedimientos.[8]

Insatisfecha con lo resuelto, el 21 de octubre de 2024, compareció la parte recurrente mediante un recurso de *Revisión* en el cual, en su único señalamiento de error esbozó que el DACo erró al dejar de cumplir con los requisitos expuestos en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU),[9] al dictar su *Resolución en Reconsideración,* y que, con su proceder, les violó el debido proceso de ley.

---

[4] Apéndice del recurso, a las págs. 6-10.
[5] *Íd.,* a las págs. 3-5.
[6] *Íd.,* a las págs. 13-18.
[7] Apuntamos que la fecha de notificación de la *Resolución en Reconsideración* es ilegible, incluso en el apéndice original presentado en la Secretaría de este Tribunal de Apelaciones.
[8] Apéndice del recurso, a las págs. 19-21.
[9] Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[10] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de revisión ante nos y procederemos a disponer del recurso ante nuestra consideración.

II

**A. Falta de jurisdicción por presentación prematura**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[11] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[12] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[13] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[14] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[15] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[16] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[17] Es decir,

---

[10] 4 LPRA Ap. XXII-B, R.7 (B)(5).
[11] *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).
[12] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).
[13] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez.*
[14] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[15] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).
[16] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[17] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[18]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[19] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia. o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[20] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[21]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[22] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[23] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[24]

---

[18] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[19] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[20] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).

[21] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

[22] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001).

[23] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.

[24] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[25] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Revisión judicial de decisiones administrativas

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia, mediante revisión judicial, es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[26] El artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico[27] otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[28] La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[29] Ahora bien, para que el Tribunal de Apelaciones pueda ejercer su facultad revisora, la parte peticionaria debe presentar su recurso de revisión judicial en el término jurisdiccional de treinta (30) días, conforme dispone la su Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAUG). La antedicha sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración, según dispone la Sección 3.15 de la LPAUG.[30] Por otra parte, la aludida Sección 4.2

---

[25] 4 LPRA Ap. XXII-B, R. 83 (C).

[26] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

[27] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).

[28] *Asoc. Condómines v. Meadows Dev.*, supra, a la pág. 847.

[29] *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).

[30] Ley Núm. 38-2017, supra, 3 LPRA secs. 9655 y 9672. Véase, además, Regla 57 del Reglamento de Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.57.

aclara que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[31]

Precia señalar que una parte adversamente afectada por una resolución u orden parcial o final de una agencia puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial. La parte promovente tendrá veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, para presentar una moción de reconsideración. De ahí, la agencia contará con quince (15) días para considerar la antedicha solicitud. Ahora bien, si la agencia rechaza acoger la reconsideración o no actúa dentro de los referidos quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique la denegatoria o desde que expiren el aludido termino. Sin embargo, si la agencia concernida determina acoger la solicitud de reconsideración, el término para solicitar revisión judicial se contará desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.

En lo pertinente al caso de marras, el Tribunal Supremo de Puerto Rico razonó que cuando se reconsidera un dictamen y, en virtud de ello, se altera sustancialmente lo que se dispuso originalmente, cualquiera de las partes puede presentar una nueva moción de reconsideración para impugnar los nuevos planteamientos.[32] Ahora bien, para que esta nueva moción de reconsideración tenga el efecto de interrumpir el término para acudir al Tribunal de Apelaciones, la misma debe indicar con especificidad "los hechos o el derecho a reconsiderarse, así como

---

[31] Ley Núm. 38-2017, *supra*, 3 LPRA sec. 967.
[32] *Colón Burgos v. Marrero Rodríguez,* 201 DPR 330, 343 (2018).

cuáles son las alteraciones sustanciales producto de una primera reconsideración o de las nuevas determinaciones de hechos o conclusiones de derecho cuya reconsideración se solicita por primera vez". [33]

Por último, acentuamos que para que este Foro apelativo tenga competencia para revisar la resolución final de una agencia administrativa, la misma debe ser notificada adecuadamente. De lo contrario, el recurso que se presente para impugnar los méritos de la resolución será prematuro.[34] Para ello, la agencia administrativa debe notificar la resolución final, a la brevedad posible, con copia simple a las partes y a sus abogados, de tenerlos, por correo ordinario o electrónico, y archivar en autos copia de la resolución y de la constancia de la notificación.[35] Además, "[l]a orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. [...]".[36] Solo con el cumplimiento de este requisito comenzaran a correr los términos para acudir en revisión judicial.[37]

### III

Bajo el crisol doctrinario antes expuesto, indicamos que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[38] Asi, pues, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[39] Luego de haber

---

[33] *Íd.,* a la pág. 342.
[34] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019).
[35] Ley Núm. 38-2017, *supra,* Sec. 3.14, 3 LPRA sec. 9654.
[36] *Íd.*
[37] *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998, 1015 (2008).
[38] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.,* supra, a la pág. 372 (2018).
[39] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

examinado los autos ante nuestra consideración, colegimos que en el caso de marras no tenemos jurisdicción para atender el recurso por prematuro. Nos explicamos.

Conforme se desprende de los autos, el DACo emitió y notificó una *Resolución Sumaria* en la cual dispuso desestimar con perjuicio la *Querella* instada por la parte recurrida. Luego de haber revisado la misma, pudimos constatar que la misma fue notificada conforme a derecho. Ahora bien, notificada la misma, y dentro del término para que cualquiera de las partes del título acudiese en revisión judicial, el DACo dispuso *motu proprio* reconsiderar su dictamen. Ello, en virtud de la Regla 29.2 del Reglamento de Procedimiento Adjudicativos, la cual permite que la aludida agencia, a iniciativa propia, reconsidere sus resoluciones ante de que expire el término para solicitar revisión judicial.[40]

Como corolario de lo anterior, nuestro Alto Foro ha razonado que cuando se reconsidera un dictamen y, en virtud de ello, se altera sustancialmente lo que se dispuso originalmente, cualquiera de las partes puede presentar una nueva moción de reconsideración para impugnar los nuevos planteamientos.[41] Ejemplo de lo anterior es la situación procesal en el caso del título. En este caso, el DACo emitió una *Resolución Sumaria* desestimatoria, para luego reconsiderarse, y, así, dejar sin efecto la antedicha *Resolución,* para ordenar la reapertura de la *Querella* y continuar los procedimientos.

Una mera lectura de la *Resolución en Reconsideración* revela, indubitadamente, que aun con el curso decisorio esbozado, en la misma no se incluyeron las debidas advertencias dado a lo que su dictamen forzosamente provocó. La única advertencia que incluyó fue que las partes podían acudir ante esta Curia en treinta (30) días, pero no incluyó que las partes podían presentar una solicitud de

---

[40] Reglamento Núm. 834 del 13 de junio de 2024.
[41] *Colon Burgos v. Marrero Rodríguez,* supra, a la pág. 343.

reconsideración. Es decir, el DACo no advirtió a las partes que podían solicitar una reconsideración a este dictamen, el cual es claro que alteró sustancialmente el original. Según reseñamos, solo con esta advertencia comienzan a correr los términos para acudir en revisión judicial.[42] De modo, que su exclusión provoca que el recurso que se presente para impugnar los méritos de una resolución sea prematuro.[43]

Es por lo anterior que, tras la *Resolución en Reconsideración* no contener las debidas advertencias, nos veamos irremediablemente forzados a desestimar este recurso por ser prematuro.

Ahora bien, aunque la *Resolución en Reconsideración* recurrida no fue notificada conforme a derecho, lo anterior, no impide que luego de que se notifique el correspondiente mandato, y que la agencia notifique correctamente la referida resolución, a las partes, la parte que así lo interese pueda acudir nuevamente ante este Tribunal de Apelaciones.

IV

Por los fundamentos que anteceden, se *desestima* el recurso instado por falta de jurisdicción, tras haberse presentado de forma prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] *Comisión Ciudadanos v. G.P. Real Property,* supra, a la pág.1015.
[43] *PR Eco Park et al. v. Mun. de Yauco,* supra, a la pág. 538.